**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**CASE NO.:**

**ANGELO ARCE,**
**an Individual,**

**Plaintiff,**

**v.**

**UMA EDUCATION, INC.,**
**d/b/a ULTIMATE MEDICAL ACADEMY,**
**a Foreign Not For Profit Corporation,**

**Defendant.**
_______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**WITH INJUNCTIVE AND DECLARATIVE RELIEF REQUESTED**

Plaintiff, **ANGELO ARCE** ("Plaintiff"), by and through his undersigned counsel, hereby files this Complaint against Defendant, **UMA EDUCATION, INC. d/b/a ULTIMATE MEDICAL ACADEMY** ("Defendant") and states as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), and pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), seeking recovery from Defendant for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, compensatory damages, injunctive relief,

equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

**PARTIES, JURISDICTION, AND VENUE**

2. Plaintiff is an adult individual.

3. Defendant is a Foreign Not For Profit Corporation that is located and does business in Hillsborough County, Florida, and is therefore within the jurisdiction of this Court.

4. Plaintiff worked for Defendant in Hillsborough County, Florida, and therefore the proper venue for this case is the Tampa Division of the Middle District of Florida.

5. At all times relevant hereto, Plaintiff was an employee of Defendant.

6. This Court has jurisdiction over Plaintiff's FMLA claims pursuant to 28 U.S.C. § 1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

7. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101.

8. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to

seeking leave under the FMLA.

9. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) Plaintiff suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave to treat same; and (b) he was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

10. At all times material, Plaintiff was protected during his employment with Defendant by the ADA because Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination because of his disability or "perceived disability" by Defendant.

11. At all times material, Plaintiff was protected during his employment with Defendant by the ADA because Plaintiff was retaliated against and suffered adverse employment action as a result of his disability or "perceived disability," and his request for reasonable accommodation.

12. Defendant was at all times an "employer" as envisioned by the ADA as it employed in excess of fifteen (15) employees.

## CONDITIONS PRECEDENT

13. On or around May 12, 2026, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission

("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

14. On or around May 19, 2026, the EEOC issued a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within 90 days of his receipt of the same.

15. Plaintiff timely files this action within the applicable period of limitations against Defendant.

16. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

17. Plaintiff worked as a Representative II for Defendant from November 27, 2023, until his termination on December 9, 2025.

18. During his tenure, Plaintiff met or exceeded team goals, yet Defendant continued to focus on ADA/FMLA-related absences instead of work results.

19. Plaintiff suffered serious injuries after a December 31, 2024 motor vehicle crash, including neck pain, mid-back pain, low-back pain, headaches, dizziness, hyperesthesia, muscle weakness, and muscle spasms.

20. His providers later documented cervical disc displacement, lumbar disc displacement, post-traumatic headache, and concussion without loss of consciousness.

21. These medical conditions substantially limited Plaintiff's activities of daily living, including bending, lifting, twisting, sitting, standing, personal care, household tasks, and other daily functions.

22. In early January, Plaintiff submitted a request for intermittent FMLA leave to Defendant's third party benefits provider, AbsencePro.

23. Plaintiff's intermittent leave request to address his injuries also constitutes a reasonable accommodation request pursuant to the ADA.

24. On January 9, 2025, AbsencePro advised Plaintiff that it had received his request for intermittent FMLA leave for a period from January 10, 2025 to January 9, 2026, but the leave was not yet approved because Plaintiff needed to provide a medical certification from his physician, with a deadline of January 25, 2025.

25. Plaintiff provided the medical certification on January 10, 2025, well in advance of the deadline.

26. Throughout the year, particularly between June 2025 and December 2025, Plaintiff was pulled into numerous meetings with Defendant's management regarding his attendance, including absences covered by his protected FMLA intermittent leave.

27. Eventually, Defendant escalated from scrutiny to discipline.

28. Between June 2025 and August 2025, Plaintiff received two

compliance write-ups issued at the highest disciplinary level allowed under the handbook.

29. Other employees with similar issues typically received coaching first, not immediate escalated discipline.

30. Plaintiff was later presented with a compliance agreement tied to those write-ups, and Plaintiff reluctantly signed because he believed refusal would result in immediate termination.

31. Suddenly, on December 9, 2025, Defendant terminated Plaintiff, effective immediately.

32. Although Defendant purportedly based the termination on prior compliance-related write-ups, the pattern and timing of Defendant's heightened scrutiny demonstrate that Plaintiff's attendance and FMLA-protected absences were substantial motivating factors in the decision to terminate his employment.

33. It is clear that Defendant retaliated against Plaintiff based on his serious health condition, him utilizing FMLA leave, his disabilities, and for requesting reasonable accommodation.

34. Any other "reason" theorized after the fact by Defendant for its termination of Plaintiff's employment is pure pretext.

35. Defendant's adverse employment actions recounted herein were taken in interference with, and retaliation for, Plaintiff disclosing his serious health

condition and for taking protected FMLA leave.

36. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

37. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

38. The timing of Plaintiff's disclosure of his serious health condition and his use of protected FMLA leave and Defendant's termination of his employment, alone demonstrates a causal and temporal connection between his protected activity and the illegal actions taken against him by Defendant.

39. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

40. Plaintiff is an individual with a disability who, with or without, reasonable accommodation, was fully capable of performing the essential functions of his job.

41. In reality, Defendant's termination of Plaintiff stemmed from its discriminatory animus toward his disability and request for accommodation under the ADA.

42. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA.

43. The timing of Plaintiff's termination makes the causal connection between his use of reasonable accommodation under the ADA, and his termination sufficiently clear.

44. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of his position, despite the fact that Plaintiff could perform same with reasonable accommodation.

45. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

46. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I: UNLAWFUL INTERFERENCE UNDER THE FMLA

47. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 6, 8 through 9, 17 through 22, 24 through 37, 39, and 45 through 46, above.

48. At all times relevant hereto, Plaintiff was protected by the FMLA.

49. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

50. At all times relevant hereto, Defendant interfered with Plaintiff by

discouraging him use of FMLA and/or failing to restore Plaintiff to the same position or an equivalent position after his return from FMLA leave.

51. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

52. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II: UNLAWFUL RETALIATION UNDER THE FMLA

53. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 6, 8 through 9, 17 through 22, 24 through 39, and 45 through 46, above.

54. At all times relevant hereto, Plaintiff was protected by the FMLA.

55. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

56. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating him for his use of FMLA-protected leave.

57. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff disclosed his serious health condition and his use or attempted use of leave pursuant to the FMLA.

58. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

59. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III: DISABILITY DISCRIMINATION UNDER THE ADA FAILURE TO ACCOMMODATE

60. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 7, 10, 12 through 21, 23, 27 through 34, 40 through 42, and 44 through 46, above.

61. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

62. The discrimination to which Plaintiff was subjected was based on his

disability and/or "perceived disability."

63. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and/or other non-pecuniary losses.

64. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

65. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

66. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

67. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

**COUNT IV: RETALIATION UNDER THE ADA BASED ON DISABILITY**

68. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 7, 11 through 21, 23, 27 through 34, 40 through 41, and 43 through 46, above.

69. Plaintiff was terminated within close temporal proximity of his request for reasonable accommodation.

70. Plaintiff's request for reasonable accommodation constituted protected activity under the ADA.

71. Plaintiff was terminated as a direct result of his request for reasonable accommodation.

72. Plaintiff's protected activity, and his termination, are causally related.

73. Defendant's stated reasons for Plaintiff's termination are a pretext.

74. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

75. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the

future.

76. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

77. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 17th day of August, 2026.

Respectfully Submitted,

***/s/ Nicholas Vimo***

Nicholas Vimo
Florida Bar No. 1029436
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail: nicholas@floridaovertimelawyer.com

*Attorney for Plaintiff*